**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| **RISHABH KHURANA**<br>604 Lindsley Dr. Apt 1G<br>Morristown, NJ 07960<br><br>**Plaintiff**<br><br>**v.**<br><br>**UNITED STATES CITIZENSHIP AND**<br>**IMMIGRATION SERVICES**<br>20 Massachusetts Ave NW,<br>Washington DC 20529 | **Case No.**<br><br><br><br>**COMPLAINT** |

## BACKGROUND

1. This case involves review under the Administrative Procedure Act of a decision of the United States Citizenship and Immigration Services (USCIS) denying a petition by a U.S. employer (Axtria, Inc.) to classify the plaintiff, Rishabh Khurana, as an H-1B nonimmigrant so that it might employ him on a temporary basis in a "specialty occupation" pursuant to 8 U.S.C. § 1101(a)(15)(H)(i)(B).

## STATEMENT OF UNDISPUTED FACTS[1]

---

[1] All of the facts referenced in the complaint were filed with, or by, the USCIS in this matter and so should be in the administrative record. The proceeding before the agency did not involve any factual disputes.

| | |
|---|---|
| COMPLAINT | Michael E Piston (P34568)<br>Attorney for the Plaintiff<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |

1. Axtria is a Big Data and Analytics company which combines industry knowledge, analytics and technology to deliver solutions that help its clients make better data driven decisions.

2. Axtria partners deeply with clients to accelerate profitable growth by building capabilities and a culture of data-driven decision making. Axtria serves clients with a strong onshore presence, and has built a global delivery model that is committed to delivering high quality, high-impact solutions for its clients and to building a world-class firm with enduring value with efficient execution, innovation and virtualization.

3. Axtria engages with innovative solution design, and its "everything-as-a- service" approach adapts to its clients' changing business needs - turning services on/off, scaling resources to support product launches, etc.

4. Established in New Jersey in 2009, Axtria had, at the time this petition was filed, approximately 240 employees in the U.S. and annual revenue of about $52.2 Million. Exhibit 2 at 9.

5. On April 11, 2019, Axtria, Inc. filed a Form I-129 upon Rishabh Khurana's behalf seeking to classify him as an H-1B nonimmigrant to be employed by it as a Sr. Associate- Business Intelligence. Exhibit 2.

6. Axtria's petition indicated that the duties of Ms. Khurana's position would be a follows:

    1. Understand the client's business and define project needs.

| COMPLAINT | Michael E Piston (P34568)<br>Attorney for the Plaintiff<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
|---|---|

- Elicit requirements using interviews, document analysis, requirements workshops, task and workflow analysis.

- Critically evaluate information gathered from multiple sources, reconcile conflicts, decompose high-level information into details, abstract up from low-level information to a general understanding, and distinguish user requests from the underlying true needs.

- Identify geographic trends that might impact the business strategy.

- Find out the key questions that need to be answered to reach identify Client's requirements.

2. Decide the Analytic Process, Technology and Data for client business needs.

- Under Manager guidance, for above defined project needs, discuss, develop and deploy appropriate process and methodologies to meet business needs.

- Identify the right analytical technique/techniques that can help answer the key business question with the team, including marketing strategies for future product development or to improve sales of existing products.

- Decide upon the tools and technology to be used for analysis.

- Build a hypothesis and the select the data required to proceed with the analysis.

- Identify the sources of data and ways to access them.

- Evaluate and interpret the results as tangible business solutions.

| COMPLAINT | Michael E Piston (P34568)<br>Attorney for the Plaintiff<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
|---|---|

3. Solution Delivery -

- Adhere to project plans and work schedules to meet Project's objectives and priorities;

- Aid on timely and smooth project delivery as per client requirements/KPis.

- Support Quality Assurance in deliverables across the Analytics and Technology teams.

- Provide support during analytics solution delivery and implementation phase.

- Support design of visualization tools to ensure effective communication of project results and Axtria's capabilities;

4. Business Development and Axtria's Capabilities Development.

- Work closely with the Technology and Product Management groups to ensure ongoing refinement of our analytical tools and development of new client solutions;

- Drive analysis and problem solving and advance Axtria's sales and marketing capabilities;

- Under guidance from Managers: contribute high quality content for Axtria Institute's training and other capability building initiatives.

7. Following a USCIS request for further evidence that the job requires a specialized degree, Exhibit 3, Axtria provided it with an over 5 page statement explaining in detail, course by course, how the skills Mr. Khurana learned in his Bachelor of

| COMPLAINT | Michael E Piston (P34568)<br>Attorney for the Plaintiff<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
| --- | --- |

Technology degree program in Electronics and Communication Engineering were necessary to successfully perform the duties of the position. Exhibit 6 at 232-237.

8.  This response also included, in response to USCIS's request, a substantially more detailed description of the duties of the offered position, as follows:

1)  Understand the client's business and define project needs /Business requirement life cycle - (25% of Time Spent)

   a)  Elicit requirements using interviews, document analysis, requirements workshops, task and workflow analysis.

      i) Work with internal and external stakeholders to gather requirements and understand business objective.

      ii)Validate requirement specification documents outlining business information, data with time lines.

   b)  Critically evaluate information gathered from multiple sources, reconcile conflicts, decompose high-level information into details, abstract up from low-level information to a general understanding, and distinguish user requests from the underlying true needs.

      i)  Analyze multiple types of data sources, data attributes and integration methodology to finalize the benchmarks to fulfill business objective.

      ii)  Create high-level data models to map Entity-Framework Relationship diagram into a data warehouse or for use in reporting tools drawing on multiple data sets.

| COMPLAINT | Michael E Piston (P34568)<br>Attorney for the Plaintiff<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
|---|---|

iii) Run checks on data files to assess and evaluate data definition, completeness, granularity, type and integrity.

c) Find out the key questions that need to be answered to identify Client's requirements.

   i) Eye ball the data sources and data dictionaries to break down client objectives into quantifiable questions that can generate insights from raw data.

   ii) Identify business specific KPI (Key Perfonnance Indicators) with help from key stakeholders to build right metrics for analysis that adds value proposition to client.

2) Decide the Analytic Process, Technology and Data for client business needs -

(30% of Time Spent)

a) Under Manager guidance, for above defined project needs, discuss, develop and deploy appropriate process and methodologies to meet business needs.

   i) Analyze and break down business questions into technical tasks and develop project execution plan with team.

   ii) Discover the IT architecture to develop marketing and analytics data mart.

b) Decide upon the tools and technology to be used for analysis.

   i) Conduct a detailed assessment of client's technology need in consultation with stakeholders and IT teams to calibrate optimized delivery of services to client.

| COMPLAINT | Michael E Piston (P34568)<br>Attorney for the Plaintiff<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
|---|---|

    ii)  Choose the right technologies and tools to upgrade or implement systems around ETL, database, reporting/dashboards, predictive modeling.

c)  Identify the sources of data and ways to access them.

    i)  Compare multiple data sources and their effectiveness to provide required market intelligence.

    ii)  Work with IT team to decide technology to store, access and process multiple heterogenous data sources on servers.

d)  Build a hypothesis and then select the data required to proceed with the analysis.

    i)  Process and transform the data according to the business rules in ETL tools like Informatica, DataStage, Business Objects, Cognos, SQL etc.

    ii)  Work with team to develop and validate hypothesis influencing business questions to narrow down the data selection exercise.

    iii)  Generate and process master data file in containing all important variables with overlapping timeframe using database management tool.

e)  Identify the right analytical technique/techniques that can help answer the key business question with the team, including marketing strategies for future product development or to improve sales of existing products.

    i)  Application of business intelligence tools and methods as well as advanced statistical, econometric and optimization models and algorithms to answer the business problem.

| COMPLAINT | Michael E Piston (P34568)<br>Attorney for the Plaintiff<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
| --- | --- |

ii) Develop new statistical models as well as provide analysis through existing models using tools such as R, Python or SAS.

f) Identify trends that might impact the business strategy.

i) Provide promotional effectiveness studies, ROI (Return on Investment) analysis and perform ad-hoc analysis for various marketing programs.

ii) Measure the interaction and quantify the impact of variables on outcome metric to answer business questions.

iii) Identify key customers segments by market splits (geography, volume decile etc.)

iv) Perform payers, brand, patient analytics across market segments.

v) Analyze data to find patterns and significant variables influencing business decision using R, Microsoft Excel, SQL Server Management Studio.

g) Evaluate and interpret the results as tangible business solutions.

i) Measure and evaluate model performance and results accuracy and report the significant findings to client, including test analysis and recommendations for future program.

3) Solution Delivery- (30% of Time Spent)

a) Adhere to project plans and work schedules to meet Project's objectives and priorities;

| COMPLAINT | Michael E Piston (P34568)<br>Attorney for the Plaintiff<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
|---|---|

- 8 -

    i) Work with senior colleagues to schedule weekly client meetings, and follow-ups with internal teams to track the project progress.

    ii) Proactively flag and/or resolve the possible bottlenecks that can cause delays in project plans.

b)  Aid on timely and smooth project delivery as per client requirements.

    i)  Responsible for a successful and timely delivery of assigned module/ components /phases of a project.

c)  Provide quality assurance and support during analytics solution delivery and implementation phase.

    i)  Support client in integrating their products/environment with solution delivery.

    ii)  Conduct or coordinate tests to ensure that deliverables are consistent with defined needs.

    iii) Apply sound files and data management tests to ensure quality deliverables.

    iv) Share specialized knowledge of delivered tools/ applications/ analytic services with the client by organizing workshops.

d)  Support design of visualization tools to ensure effective communication of project results and Axtria's capabilities

    i)  Responsible for laying out data driven findings, insights and recommendations and presenting it to clients at the end of projects.

| COMPLAINT | Michael E Piston (P34568)<br>Attorney for the Plaintiff<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
|---|---|

ii) Leverage latest visualization and analytical tools to prepare high quality reports/dashboards and visuals using tools like Excel, R, SQL, Tableau/QlikView and others to display data insights, results and recommendations.

iii) Maintain or update business intelligence tools, databases, dashboards, predictive models.

4) Business Development and Axtria's Capabilities Development - (15% of Time Spent)

a) Work closely with the Technology and Product Management groups to ensure ongoing refinement of our analytical tools and development of new client solutions;

i)  Enhance data models to deploy new data pipelines in Axtria's product Marketing IQ.

ii) Contribute in developing machine learning models to incorporate new features like Next Best Action, Real-time reporting to Axtria's tools.

iii)  Disseminate information regarding tools, reports, or metadata enhancements.

b) Drive analysis and problem solving and advance Axtria's sales and marketing capabilities

| COMPLAINT | Michael E Piston (P34568)<br>Attorney for the Plaintiff<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
| --- | --- |

     i)   Analyze, test and report competitors' tools and services. Create analytical reports explaining strengths of our tool and their value propositions to the client.

     ii)  Provide client's feedback to product managers regarding features enhancement and client specific issues with existing version.

  c)  Under guidance from Managers: contribute high quality content for Axtria Institute's training and other capability building initiatives.

     i)   Lead instructor of Axtria Institute for Business Intelligence and Machine Learning training involving tools like R, Python, SQL, Tableau.

     ii)  Create/update course content, create/ review assignments.

9.  Axtria also submitted an **Expert Opinion Evaluation** of the given position, by Dr. Jared Ligatti, Ph.D., Professor of Computer Science and Engineering, University of South Florida - **EXHIBIT 4 at 20 et seq., o**pining that:

- "there is overwhelming evidence to suggest that the Senior Associate – Business Intelligence position is sufficiently complicated so as to require a Bachelor' degree in Computer Science or a related field".

- "any individual lacking a Bachelor's degree (or its equivalent) in these fields would not be able to perform these duties to the degree Axtria, Inc. requires for the continuous execution of its business operations".

- "the Senior Associate – Business Intelligence position with Axtria, Inc. qualifies as a specialty occupation".

| COMPLAINT | Michael E Piston (P34568)<br>Attorney for the Plaintiff<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
|---|---|

10. Axtria also submitted evidence that the job offered qualifies as specialty occupation as petitioner has a history of hiring candidates with a degree in computer science or directly related field employed in similar positions as the beneficiary, for who the petitioner has/ had filed H1B petitions under **Occupational Code and Title 15.1199.08 Business Intelligence Analysts**, which same as the beneficiary, performing substantially similar job duties as beneficiary.

11. All of the other incumbents of this position hold at a Bachelor's or Master's degree in Computer Science or a directly related field or its equivalent.

12. Axtria also submitted copy of its Business Intelligence Analysts' degree certificates and notices of H1B petition approvals, as evidence that Axtria always requires a Bachelor's degree or its equivalent in Computer Science or a directly related field for the Business Intelligence Analysts.

13. On November 21, 2019 the USCIS issued a decision denying Axtria's petition upon behalf of Risabh Khurana.

14. This decision mentioned that that the petitioner submitted in a letter in response to the request for evidence, it did not even acknowledge, must less respond to, the petitioner's point by point explanation of how the skills which Mr. Khurana learned in his degree program were necessary to perform the duties of the position.

15. Further, while the decision conceded that Axtria "provided a list of 10 employees and included the educational credentials and previously approved I- 797 notices for those Employees" and that " each individual you provided education credentials for has at

| COMPLAINT | Michael E Piston (P34568)<br>Attorney for the Plaintiff<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
| --- | --- |

least a bachelor's degree in computer science or related field" it nevertheless dismissed this as evidence that Axtria normally requires a degree or its equivalent for the position because  "aside from your statements, you have not submitted documentary evidence to establish that these individuals have previously held the position of Senior Associate Business Intelligence or have been compensated for performing duties in the Senior Associate Business Intelligence position. Therefore, you have not demonstrated that you have historically hired individuals who hold at least a bachelor's degree in a specific specialty, or its equivalent, for employment as a Developer User Interface (sic).

16. Accordingly, the Decision denied Axtria's petition to classify Mr. Khurana as a nonimmigrant under 8 U.S.C. § 1101(a)(15)(H)(i)(B) and to change his nonimmigrant status to H-1B.

### THE COURT HAS SUBJECT JURISDICTION OVER THIS MATTER.

17. Being a civil action against the United States arising under the Immigration and Nationality Act, 8 U.S.C. § 1101, *et. seq.,* and the Administrative Procedure Act, 5 U.S.C. § 701, *et. seq.,* both laws of the United States, original jurisdiction over this matter is vested in this Court by 28 U.S.C. § 1331.

### THE PLAINTIFF HAS STANDING TO BRING THIS ACTION

18. As the D.C. Circuit Court of Appeals said in finding that the beneficiary of a labor certification filed by a potential employer had standing to seek judicial review under

| COMPLAINT | Michael E Piston (P34568)<br>Attorney for the Plaintiff<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
|---|---|

the Administrative Procedure Act (APA) of its denial, even though the prospective

employer was not a party to the action:

Neither the statute's text, structure, nor legislative history supplies the requisite "clear

and convincing evidence" of a preclusive purpose. *Abbott Labs. v. Gardner*, 387 U.S.

136, 141, 18 L. Ed. 2d 681, 87 S. Ct. 1507 (1967); *see also Shook v. District of*

*Columbia Fin. Responsibility & Management Assistance Auth.*, 328 U.S. App. D.C.

74, 132 F.3d 775, 778-79 (D.C. Cir. 1998). Unlike in *Block v. Community Nutrition*

*Inst.*, 467 U.S. 340, 348, 81 L. Ed. 2d 270, 104 S. Ct. 2450 (1984),  for example,

where the statute itself set forth a regulatory regime that omitted mention of certain

parties, giving rise to an inference that those parties were precluded from litigating in

court, *see Block*, 467 U.S. at 349, there is no indication here that Congress itself

considered the mechanism by which the Secretary of Labor would make labor

certification decisions, or how (and at the request of whom) such decisions would be

reviewable in the federal courts. And while the legislative history indicates that

Congress intended to restrict further the admission of alien workers when it amended

the statute in 1965, *see* S. REP. No. 748, 89th Cong., 1st Sess. (1965), *reprinted*

*in* 1965 U.S. CODE CONG. & ADMIN. NEWS 3328, 3333, that does not speak to

the question whether the class of aliens deserving of admission under the statute

have standing to challenge in court the Secretary's decision to the contrary. The

regulatory regime is completely a creation of the Labor Department's regulations, and

under the Administrative Procedure Act, it is only statutes, not agency regulations,

| COMPLAINT | Michael E Piston (P34568)<br>Attorney for the Plaintiff<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
|---|---|

that can preclude otherwise available judicial review. *See* 5 U.S.C. §
701(a)(1); *Gladysz*, 595 F. Supp. at 53-54. In light of the presumption of judicial
review, *see McNary v. Haitian Refugee Ctr., Inc.*, 498 U.S. 479, 496 (1991); *Bowen v.
Michigan Academy of Family Physicians*, 476 U.S. 667, 670 (1986), we cannot
conclude (despite our suspicions) that Congress intended to preclude the alien from
challenging labor certification denials without the alien's employer. *See Block*, 467
U.S. at 351 (holding that, where substantial doubt about congressional intent exists,
the general presumption favoring judicial review is controlling).

*Ramirez v. Reich*, 156 F.3d 1273, 1276 (1998)

19. Here likewise neither the INA's text, structure nor legislative history supplies the
requisite "clear and convincing purpose" of an intent to preclude the beneficiary of a
nonimmigrant visa petition from seeking judicial review of a denial.

20. Accordingly, here as in *Ramirez*, there is no basis for concluding that Congress
intended to preclude the beneficiary of an application for immigration benefits filed
by his prospective employer from seeking judicial review of a denial of the same
without said employer.

21. Therefore the plaintiff has standing to bring this action even without his prospective
employer as a party.

| COMPLAINT | Michael E Piston (P34568)<br>Attorney for the Plaintiff<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
| --- | --- |

## PLAINTIFF HAS NO ADMINISTRATIVE REMEDIES TO EXHAUST

22. The beneficiary has no right to administratively appeal USCIS's denial of his employer's petition to classify him as an H-1B nonimmigrant, 8 C.F.R. §214.2(h)(10)(ii)(2018), nor the denial of his application for extension of stay. *Id.* Therefore he cannot be said to have failed to exhaust his administrative remedies, because he has none.

## THE DECISION IS UNLAWFUL AND SHOULD BE SET ASIDE

23. 5 U.S.C. § 706 provides in material part that:

> To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall—
>
> …
>
> **(2)** hold unlawful and set aside agency action, findings, and conclusions found to be—
>
> **(A)** arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

24. Inasmuch as the instant decision was arbitrary and not in accordance with law, this Court should find it unlawful and set is aside.

| COMPLAINT | Michael E Piston (P34568)<br>Attorney for the Plaintiff<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
|---|---|

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## COUNT I

## THE DECISION IS ARBITRARY AND CAPRICIOUS BECAUSE IT IGNORED EVIDENCE CONTRADICTING ITS POSTON

**25. The USCIS entirely disregarded Axtria's careful explanation that the job offered was so specialized and complex as to require a specialized degree by showing how the skills which Risabh Khurana learned in his degree program was necessary to perform the duties of the offered position.**

26. ("[A]n agency cannot ignore evidence contradicting its position." *Genuine Parts Co. v. EPA*, 890 F.3d 304, 312 (D.C. Cir. 2018)  (quoting *Butte Cty. v. Hogen*, 613 F.3d 190, 194, 392 U.S. App. D.C. 25 (D.C. Cir. 2010)).

27. Inasmuch as the decision ignored the petitioner's explanation of how Mr. Khurana's coursework was necessary to perform the duties of the position, and therefore the duties of the position were so specialized and complex as to require a specialized degree, the decision denying this petition was arbitrary. Stellar IT Sols., Inc. v. United States Citizenship & Immigration Servs., 2018 U.S. Dist. LEXIS 196284, *23

## COUNT II

## THE DECISION IS NOT IN ACCORDANCE WITH LAW BECAUSE THE USCIS FAILED TO APPLY THE PREPONDERANCE OF LAW STANDARD

28. As noted above, the decision conceded that Axtria "provided a list of 10 employees and included the educational credentials and previously approved I- 797 notices for

| COMPLAINT | Michael E Piston (P34568)<br>Attorney for the Plaintiff<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
|---|---|

those Employees" and that "each individual you provided education credentials for has at least a bachelor's degree in computer science or related field"

29. it nevertheless dismissed this as evidence that Axtria normally requires a degree or its equivalent for the position for no other reason that because "aside from your statements, you have not submitted documentary evidence to establish that these individuals have previously held the position of Senior Associate Business Intelligence or have been compensated for performing duties in the Senior Associate Business Intelligence position.

30. The mere fact that the petitioner does not submit additional probative evidence in support of his position is not a sufficient reason to deny the petition where the evidence it does provide establishes its position by a preponderance of evidence. Matter of Chawathe, 25 I & N Dec. 369, 375 (2010).

31. Even non-corroborated testimony is sufficient to establish a point by a preponderance of evidence when there is no evidence in the record to contradict it, even if the trier of fact believes that additional evidence should have been provided. See, e.g., *Lara v. Lynch*, 789 F.3d 800, 804-05 (7th Cir. 2015) (Single witness's testimony that he married his wife in good faith sufficient to establish it by a preponderance of evidence even though the BIA held that he should have provided corroborating evidence); *Vera-Villegas v. INS*, 330 F.3d 1222, 1234 (9th Cir.2003). ("The decision of the IJ to reject Vera's testimonial evidence because it lacked supporting contemporaneous documentation is unreasonable and contrary to the established method by which we

| COMPLAINT | Michael E Piston (P34568)<br>Attorney for the Plaintiff<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
|---|---|

litigate matters in our justice system, including in administrative hearings., *Gaur v. Gonzalez*, 124 F. App'x 738 (3d Cir. 2005) (finding respondent's and his grandmother's testimony sufficient to establish that he married his wife in good faith), *United States v. Szuecs*, 1958 U.S. App. LEXIS 3784 (D.C. Cir 1958) (rejecting the Secretary of Agriculture's argument that "Szuecs' testimony concerning reduction to practice was not corroborated" where  that testimony was corroborated only by other testimony. *Szuecs v. United States*, 139 F. Supp. 464 (D.D.C. 1956), *United States v. Green*, 437 F. Supp. 2d 38, 42 (D.D.C. 2006) (Finding the defendant's uncorroborated testimony sufficient to show that his arrest was illegal by a preponderance of evidence despite the testimony of two police officers and physical evidence to the contrary), *United States v. 908 T St. N.W.,* 770 F. Supp. 697 (D.D.C. 1991) (testimony of 2 witnesses established by a preponderance of evidence that the homeowner did not knowingly allow his residence to be used for drug dealing despite police testimony and extensive physical evidence to the contrary), *Wye Oak Tech., Inc. v. Republic of Iraq*, 2019 U.S. Dist. LEXIS 145330, *53, 2019 WL 4044046 (testimony of witnesses alone sufficient to establish the existence of a contract).

32. Accordingly, the USCIS's decision denying Axtria petition in material part merely because it did not submit additional probative evidence was not in accordance with law.

WHEREFORE this Court should find the USCIS's unlawful on account of it being arbitrary and not in accordance with law, hold it unlawful and set it aside.

| COMPLAINT | Michael E Piston (P34568)<br>Attorney for the Plaintiff<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
|---|---|

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

FURTHER, inasmuch as the USCIS has unreasonably delayed a lawful adjudication of Axtria's petition though its unlawful denial, this Court should exercise its authority under 5 U.S.C. § 706(1) to order USCIS to issue a lawful decision in this matter no more than 30 days after its decision herein.

Respectfully Submitted

s/ *Michael E. Piston*

Michael E. Piston
Attorney for the Plaintiff
Dated: 03/23/2020

| COMPLAINT | Michael E Piston (P34568)<br>Attorney for the Plaintiff<br>225 Broadway, Ste 307<br>New York, NY 10007<br>646-845-9895<br>michaelpiston4@gmail.com |
|---|---|